FILED
SUPERIOR COURT
OF GUAM

2014 AUG 27 AM 9: 41

CLERK OF COURT

BY:___/\/

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | Civil Case No. CV0471-07 |
| Plaintiffs. | |
| vs. | DECISION AND ORDER: Intervention Defendants Rosario Bautista and Manuel Sholing's Motion to Dismiss the Complaint in Intervention |
| FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres, Deceased, | |
| Defendant. | |
| DANIEL U. TORRES and BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTEBAN TORRES FAMILY TRUST DATED MAY 12, 1995 | |
| Intervenor Plaintiffs. | |
| vs. | |
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | |
| Defendants, | |
| And | |
| GLORIA C. SHOLING, | |
| Third-Party Defendant. | |

## INTRODUCTION

This matter came before the Court on Intervention Defendants' (Rosario Bautista and Manuel Sholing) Motion to Dismiss the Complaint in Intervention. Attorney Daniel J. Berman represented Plaintiff-Intervenors. Intervention Defendants were represented by Attorney

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order

**ORIGINAL**

Wayson W.S. Wong. Upon review of the evidence, written arguments, and legal authorities presented, the Court hereby issues this Decision and Order Granting the Intervention Defendants' motion.

## BACKGROUND

On April 23, 2007, Plaintiffs (Intervention Defendants) Rosario Bautista and Manuel Sholing filed a complaint against Defendants Francisco Torres and Peter Perez, executors of the Torres estate, for breach of fiduciary duty, recission and restitution, deceptive trade practices, and negligence.[1] This action arose from a 1987 retainer agreement between Ms. Ana Sholing (deceased) and Attorney Jesus U. Torres (deceased) in which Attorney Torres would provide legal services in exchange for ten percent of the monthly rental earnings from the Pacific Island Club Property for a period of twenty five years.[2] Plaintiffs allege improprieties in the handling of Plaintiffs' business and financial affairs by Attorney Torres and, following his death, by Defendant Perez.

On October 29, 2009, Plaintiff-Intervenors sought to intervene in the litigation to protect their interests as heirs to the Torres estate and to assert claims the representative of the estate was allegedly unable or unwilling to make.[3] The Court granted the heirs requested intervention.[4] Additionally, Plaintiff-Intervenors sought to join Third-Party Defendant Gloria Sholing as a necessary party to the litigation, which the Court allowed.[5] In response, Gloria moved to dismiss the Intervenors' claims for lack of standing.[6] On May 31, 2013, the Court granted the motion and

---

[1] *See* Third Amended Complaint, CV0471-07 (Jul. 10, 2009)
[2] *Id.* ¶¶ 11-12 at 2-3.
[3] Motion to Intervene and Join Third-Party Defendant, CV0471-07 (Oct. 29, 2009)
[4] Hearing Minutes, CV0471-07 at 4:55:13 PM (Dec. 16, 2009)
[5] Motion to Intervene and Join Third-Party Defendant, at 1; Summons to Gloria Sholing, CV0471-07 (Dec. 28, 2009)
[6] Gloria C. Sholing's Motion to Dismiss, CV0471-07 (May 28, 2010)

2

dismissed the claims against the Third-Party Defendant.[7] Intervention Defendants now move to dismiss the claims against them, asserting that such litigation is similarly barred by Intervenors' absence of standing.

## DISCUSSION

Intervention Defendants' Motion to dismiss is made pursuant to both Guam Rule of Civil Procedure 12 (b) (6) and the Court's Order granting Third-Party Defendant Gloria Sholing's Motion to Dismiss under Rule 12 (c). (*See* Intervention Defendants Motion to Dismiss the Complaint in Intervention, CV0471-07 at 2 (Jul. 1, 2014)).

Following service of a summons and complaint, a defendant may move to dismiss a suit against them on the grounds that the complaint fails to "state a claim upon which relief can be granted." Guam R. Civ. P. 12 (b) (6). "To survive a [Rule 12 (b) (6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Rodriguez v. Gov't of Guam*, CIV. 09-00025, 2010 WL 480989 at *5 (D. Guam Feb. 3, 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). For purposes of evaluating a motion to dismiss, a court "must take all of the factual allegations in the complaint as true" though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at *6 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).Granting a Rule 12 (b) (6) motion is proper when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core*

---

[7] *Bautista and Sholing v. Torres and Perez*, CV0471-07, Decision and Order, Gloria Sholing's Motion to Dismiss (May 31, 2013).

3

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order

*Tech Int'l Corp. v. Hanil Eng'g & Const. Co., Ltd.*, CVA09-029, 2010 WL 3610447 (Guam Sept. 13, 2010) (citing *Twombly*, 550 U.S. at 561; *Taitano v. Calvo Finance Corp.*, 2009 Guam 9 ¶ 6.)

Alternately "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Guam R. Civ. P. 12 (c). A Rule 12(c) motion provides a means to dispose of cases where no material facts are disputed. *See Kruzitis v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994) ("Under Rule 12(c), we will not grant judgment on the pleadings unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.") (internal quotations omitted). The legal standard for Rule 12(c) is essentially identical to that of a Rule 12 (b) (6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The evaluating court should presume the veracity of the Plaintiff Intervenors' allegations and must draw all reasonable inferences in their favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Granting a Rule 12(c) motion is appropriate "when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Ada v. Guam Telephone Authority*, 1999 Guam 10 ¶ 9 (internal quotations omitted).

**Standing**

"Standing is a component of subject matter jurisdiction, and is a threshold jurisdictional matter ...." *Guam Election Comm'n v. Responsible Choices for All Adults Coal.*, 2007 Guam 20 ¶ 26 (citing *Taitano v. Lujan*, 2005 Guam 26 ¶ 15). Thus, this Court "has no subject matter jurisdiction to hear a claim when a party lacks standing." *Id.*; *Taitano*, 2005 Guam 26 ¶ 15. "The question of standing to sue goes to the existence of a cause of action against the defendant." *Taitano*, 2005 Guam 26 ¶ 15 (citing *Parker v. Bowron*, 254 P.2d 6, 9 (Cal. 1953); *Common Cause v. Bd. of Supervisors*, 777 P.2d 610, 613-14 (Cal. 1989)).

4

I.    May 31, 2013 Decision and Order

In this instance, the Court has already ruled on the standing of Plaintiff-Intervenors to bring claims for breach of the 1987 Amended Agreement in substitution of the Torres estate's representative. *Bautista and Sholing v. Torres and Perez*, CV0471-07, <u>Decision and Order, Gloria Sholing's Motion to Dismiss</u> (May 31, 2013). Interpreting the relevant statutory guidance and applicable caselaw, this Court held that, unlike real property, claims for personal property which allegedly belongs to an estate can only be litigated by the executor of that estate. *Id.* at 7-9. As explained in the previous Order, Section 2205 of the Guam Probate Code states:

> (a) Except as otherwise provided in Section 2207 of this Title, the personal representative shall take into his possession all the estate of the decedent, real and personal, and collect all debts due to the decedent or to the estate; and the personal representative is entitled to the possession of all the real and personal property of the decedent, and to receive the rents, issues and profits thereof until the estate is settled or until delivered over by order of the Superior Court of Guam to the heirs, devisees or legatees.
>
> . . .
>
> (c) Notwithstanding the provisions of subsection (a) of this Section, after the time to file or present claims has expired the personal representative is not entitled to recover the possession of any property of the estate from any heir who has succeeded to the property in such heir's possession, or from any devisee or legatee to whom the property has been devised or bequeathed, or from the assignee of any such heir, devisee or legatee, unless the personal representative proves that the same is necessary for the payment of debts or legacies, or of the expenses of administration already accrued, or for distribution to some other heir, devisee or legatee entitled thereto.
>
> (d) Any of the heirs or devisees may themselves, or jointly with the personal representative, institute and maintain an action for the possession of the real property, or for the purpose of quieting title to the same, against any one [*sic*] except the personal representative, but they are not required to do so.

*Id.* (citing 15 G.C.A. § 2205)

Based upon application of this statute, the Court concluded that "[s]ince Plaintiff Intervenors' action is for the possession of estate *personal* property (i.e. money owed under the 1987

5

Agreement), Section 2205 of the Guam Probate Code does not confer standing on Plaintiff Intervenors. Plaintiff Intervenors also have not alleged any exceptional circumstance that would allow them to bring forth an action for estate personal property. Therefore, since Section 2205 does not confer standing on Plaintiff Intervenors." *Id.* at 9. The Court bolstered this statutory analysis with consistent findings from California courts interpreting an identically-written law. *See e.g. Rogers v. Bank of America National Trust and Savings Association*, 140 Cal. App. 2d 228, 232, 294 P.2d 959, 961 (1st Dis. 1956) (actions for personal property "must be brought by the executor or administrator of the estate." ) (citations omitted); *Manti v. Gunari*, 5 Cal. App. 3d 42, 446-47 (1st Dist. 1970) ("Only the duly qualified executor or administrator may being [sic] an action for recovery of personal property"); *Hall v. Alexander*, 64 P.2d 767, 767-68 (2d Dis. 1937) ( "A debt due to the intestate is a personalty, and does not descend to the heir like realty, but vests in the administrator, who has the sole right to maintain actions to collect the same... The heir cannot bring an action to enforce payments or collect debts... This action, therefore, could be maintained only by the qualified personal representative of the decedent") (citations omitted). Accordingly, Plaintiff –Intervenors were not permitted to bring a breach of contract claim despite their potential interest as heirs of the estate. *Id.* at 9-10.

II.     Law of the Case

The Law of the Case doctrine states that a court is not to reconsider an issue that has already been decided by the same court or a higher court in the same case. *Carlson v. Perez*, 2007 Guam 6 ¶ 19. Given the outcome-determinative nature of May 31, 2013 Order's findings and connection between its facts and those now before the Court, that Order's holdings regarding standing of the Plaintiff-Intervenors to bring their claims have become the Law of the Case. *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) ("The Law of the Case applies to issues that have been decided explicitly or by necessary

6

implication in [the] previous disposition.") (internal quotations omitted); *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005). As such, the findings and rationale used in granting Defendant Gloria Sholing's Motion control resolution of the present Motion to Dismiss. *See Lujan v. Lujan*, 2002 Guam 11 ¶ 7 ("'[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.") (citations omitted); *People v. Hualde*, 1999 Guam 3 ¶ 13 (absent a showing of clear error, manifest injustice, or an intervening change in law, evidence, or circumstances, "failure to apply the doctrine of law of the case...constitutes an abuse of discretion").

In their opposition to the Motion to Dismiss, Plaintiff-Intervenors claim that the Court's decision to allow intervention itself constitutes the Law of the Case establishing that their standing is proper. However, as explained in the May 31 Order, "[a]lthough Plaintiff Intervenors were allowed to intervene, they are still required to establish that they have standing to file and maintain their breach of contract action." Decision and Order, at 10. (citing *Comrie v. Enerasys Networks, Inc.*, No. Civ. A. 19254, 2004 WL 293337, at *2, n. 14 (Del. Ch. Feb. 17, 2004) ("The implication of guaranteeing intervention is that the defendants would not waive any potential defenses, including a standing defense."); *Hausmann v. Farmers Ins. Exchange*, 213 Cal. App. 2d 611, 615, 29 Cal. Rptr. 75, 78 (2d Dis. 1963) (citing *Moran v. Bonynge*, 157 Cal. 295, 107 P. 312) ("When the intervener is admitted, the pleading which he presents and files must state facts sufficient, if true, to establish the right or interest which he claims, or else he has no standing in court as a litigant if proper objection is made.")). Thus, allowing Intervenors to put forth a claim not yet presented by the estate did not preclude the Court from ultimately concluding that they lacked standing under Guam law to litigate the asserted claim. *Id.*

7

Further, Plaintiff-Intervenors allege that the Law of the Case does not bar their action due to the independent claim that standing was conferred through partial distribution by the Probate Court. In support of this argument, Intervenors cited *Brewster v. Gage*, 280 U.S. 327, 334, 50 S. Ct. 115, 116 (1930) and *Baza v. Pacific 98*, CV0625, at 6 (Super. Ct. Jan 28, 2008). However, the Court examined both of these cases and found their holdings did not affect the outcome prescribed under general statutory guidelines. As explained in the previous Order, *Baza* dealt with an heirs rights regarding real property, not personal property, and is thus inapplicable to the present facts. Decision and Order, at 9. In addition *Brewster* held specifically that title to personal property passed to the representative of the estate while heirs are vested only with the rights to "his distributive share of so much as shall remain after proper administration and the right to have it delivered upon entry of the decree of distribution." 280 U.S. at 334. Here, while a partial disbursement of assets has occurred, the disputed personal property at issue in this case has not been settled or administrated through the estate by the Probate Court. Thus, the general rule applies to the assets at issue in the present litigation and an heir may not "by any act of his own, strip the representative of any of his rights, nor relieve him from the performance of any of his duties." Decision and Order, at 9 (citing *Hall*, 18 Cal. App. 2d at 663). Intervenors lack standing to bring suit in their individual capacity. *Id.*

Finally, Intervenors allege that, in finding that they lacked standing, the Court committed clear error by failing to consider Section 2205 in light of the common law exception employed in California and other jurisdictions. However, this argument mischaracterizes the analysis of the previous Order. Indeed, the Court specifically stated the importance of considering California holdings in probate matters due to the similarity of statutes in the two jurisdictions. Decision and Order, at 7-8 (citing *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 17 (citing *People v. Angoco*, 2007 Guam 1 ¶ 52 n. 4)) ("Because the Guam Legislature enacted a probate code substantially similar

8

to the California Probate Code in 1953, we look to California case law for interpretation." ); *see People v. Hall*, 2004 Guam 12 ¶ 18 (finding that California case law interpreting a California statute from which a Guam statute was derived is persuasive authority, and adopting such case law "absent a compelling reason to deviate.")).While determining the standing of the heirs to bring suit against Defendant Gloria Sholing, this Court thoroughly examined the California caselaw interpreting the state's statutory counterpart on which the Guam law is based. *Id.* (citing Cal. Prob. Code §§ 571, 581; *Rogers*, 294 P.2d at 961; *Manti*, 5 Cal. App. 3d at 446-47; *Hall*, 64 P.2d at 767-68). This evaluation revealed clearly that "[i]n California, it has long been settled that actions for personal property must be brought by the executor or administrator of the estate." *Id.* at 8 (internal quotations omitted).

As noted by Intervention Defendants in their reply brief, the Decision and Order acknowledged and considered California's exception to the stated rule where the executor is unable or unwilling to bring suit or where the executor obstructs or colludes with obligors to the detriment of the estate. *Id.* at 8. Despite such consideration, the Court concluded that Plaintiff-Intervenors had not satisfactorily demonstrated the existence of exceptional circumstances which justified departure from the general rule barring suit by heirs for personal of the estate. *Id.* at 9. Intervenors presented no evidence of bad faith, collusion, or outright obstruction on the part of the estate. On the contrary, representatives of the estate have worked proactively and competently to defend its assets throughout the course of the litigation. Additionally, all parties agree that the representatives have the ability, on behalf of the estate, to bring the claims asserted by Intervenors. Finally, in the absence of further evidence to the contrary, the Court is unwilling to infer actual opposition on the part of the representatives to assert any particular cognizable claim merely from the fact that they have not yet done so. Accordingly, the Complaint against

9

Intervention-Defendants Bautista and Sholing is governed by the Law of the Case and must be dismissed for lack of standing.

## Dismissal without Prejudice

As discussed supra, standing is a threshold issue of jurisdiction which must be addressed prior to reaching the substance of a claim. *Taitano*, 2005 Guam 26 ¶ 15; *Apex Digital, Inc. v. Sears. Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir.2009). Thus, because adjudication based on lack of standing is disposed of without a decision on the merits, it is well settled that dismissal without prejudice is proper. *See e.g. Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, 650 F.3d 652, 660 (7th Cir.2011) (where a district court dismisses a suit for lack of standing, "it [has] no jurisdiction [and] therefore [can] only dismiss without prejudice"); *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir.1973) ("It is fundamental ... that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore ... must be without prejudice."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-17 (10th Cir. 2006) ("once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim.") (citations omitted); *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir.); *Harris v. Quinn*, 656 F.3d 692, 701 (7th Cir.2011). Indeed, the Guam Rules of Civil Procedure echo the federal rationale explicitly. Guam. R. Civ. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction*, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.") (emphasis added). Thus, the Dismissal of the Complaint in intervention is without prejudice.

10

# CONCLUSION

Based on the foregoing reasons, the Court GRANTS Intervention Defendants' (Rosario Bautista and Manuel Sholing) Motion to Dismiss the Complaint in Intervention.

**SO ORDERED** this 26th day of August, 2014.

HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the Original hereto, was placed in the court box of:
Carmen / J. Terlaje / Aville Targ
Phillip Bordallo / Weafan Wiry. / Torres Law Group
Date: 8/27 Time: 1030 / Thompson / Ecube
Deputy Clerk, Superior Court of Guam

11

*Bautista and Sholing v. Torres* (CV0471-07)
Decision and Order